**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

---

**LISA MESHELL, HAZEL ROBIN LLOYD,**
**and others similarly situated,**

                    **Plaintiffs,**

**v.**                                  **No.: _____**

**COUNTRYSIDE HOSPITALITY LLC**       **FLSA COLLECTIVE ACTION**
**d/b/a COUNTRYSIDE LODGE.**              **JURY DEMANDED**

                    **Defendant.**

---

## COMPLAINT

---

PLAINTIFFS, Lisa Meshell and Hazel Robin Lloyd, bring this action against the

Defendant on behalf of themselves and others similarly situated.

### I.  PARTIES, JURISDICTION, AND VENUE

1.      This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2.      The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  The Court has personal jurisdiction over the

Plaintiffs, who are residents of Davidson County, Tennessee and the Defendant, who does

business in the State of Tennessee at 2500 Music Valley Drive, Nashville, Tennessee  37214.

3.      Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C.

§ 1391, because the Defendant does business in this district, and a substantial part of the alleged

events or omissions giving rise to this action occurred in this district.

4.      Plaintiffs are former employees of Defendant Countryside Hospitality Lodge LLC d/b/a

(hereinafter "Defendant").  During their employment with Defendant, Plaintiffs were covered

employees under the FLSA.

5.     The Defendant is a business engaged in commercial enterprise.  It is a covered employer under the FLSA.

6.     In addition to the named Plaintiffs, Defendant employs and has employed within the last three years additional similarly situated employees.

## II.  INTRODUCTION

7.     Plaintiffs bring this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who were denied minimum wage and overtime compensation and were worked "off the clock."  The collective action claims are for minimum wage, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III.  FACTUAL BASIS FOR SUIT

8.     Defendant employed both named Plaintiffs in 2008 and 2009.

9.     During each Plaintiff's employment, she performed work in excess of forty (40) hours per week on a regular and repeated basis.

10.     In addition to Plaintiffs, other similarly situated hourly employees of Defendant performed work in excess of forty (40) hours on a regular and repeated basis.

11.     Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40).  29 C.F.R. § 778.101.

12.     Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

2

13.     Plaintiffs were regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiffs proper minimum wage and overtime compensation for all hours worked overt forty (40).

14.     Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.

15.     Defendant's intentional failure to pay Plaintiffs and other similarly situated employees federally guaranteed minimum wages and overtime wages are willful violations of the FLSA.

16.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for minimum wage compensation, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiffs, numerous current and former employees of Defendant are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper minimum wage compensation, and overtime compensation for at least three (3) years prior to the filing of this complaint.  Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.  Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for minimum wage compensation, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV.  CAUSES OF ACTION

17.     The forgoing facts are incorporated by reference as if fully stated herein.

3

18.     Plaintiffs demand a jury.

19.     Plaintiffs, on behalf of themselves and others similarly situated, bring the following cause

        of action against Defendant:  Willful failure to pay minimum wages and overtime wages

        in violation of the Fair Labor Standards Act of 1938.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

20.     Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time

to all current and former non-exempt employees during the three (3) years immediately

preceding the filing of this action, informing them that this action has been filed, of the nature of

the action, and of their right to opt into this lawsuit if they were denied minimum wages or were

worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not

paid overtime by the FLSA.

21.     A declaratory judgment that Defendant has violated the minimum wage and overtime

provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiffs and similarly situated persons who opt

into this action;

22.     A declaratory judgment that Defendant's violations of the FLSA were willful.

23.     An award to Plaintiffs and others similarly situated who opt into this action of damages in

the amount of unpaid minimum wages and overtime compensation to be proven at trial.

24.     An award to Plaintiffs and others similarly situated who opt into this action of interest

and liquidated damages in an amount equal to the overtime compensation shown to be owed to

them pursuant to 29 U.S.C. § 216(b);

25.     An award to Plaintiffs and others similarly situated who opt into this action of reasonable

4

attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

26.     An award of such other and further legal and equitable relief as may be appropriate.


                                        Respectfully submitted,

                                        **GILBERT RUSSELL McWHERTER PLC**


                                        s/ Michael L. Russell
                                        MICHAEL L. RUSSELL (20268)
                                        JUSTIN S. GILBERT (017079)
                                        CLINTON H. SCOTT (23008)
                                        101 North Highland
                                        Jackson, Tennessee 38301
                                        Telephone: 731-664-1340
                                        Facsimile: 731-664-1540


                                        *ATTORNEYS FOR PLAINTIFF*